John D. Bennett, S.
On July 6, 1960, this court rendered a written memorandum-decision on a motion to furnish the contestants with a copy of the minutes of the contested probate trial at the expense of the estate, denying the relief sought (23 Mise 2d 993). Motion to reargue was heard on August 24, 1960, and reargument was granted by written memorandum dated September 14,1960. Both sides have notified the court, pursuant to the request in such memorandum, that they do not desire to make further argument and they rely upon the papers already submitted to the court.
The criteria for the exercise of the court’s discretion on a motion such as this is, according to the argument of contestants, citing Matter of Tropper (N. Y. L. J., April 7, 1954, p. 14, col. 2 [Surrogate’s Ct., Queens County]), that the court must be satisfied that there was a reasonable basis for the contest and that it was made in good faith. Assuming that these are the correct standards, this court is not satisfied that there was a reasonable basis for this contest to warrant charging this estate with the costs of minutes to be furnished the contestants.
Originally there were seven framed issues in this case. As to the first three, the court directed a verdict at the close of the contestant’s case. The other four, involving testamentary capacity (4), fraud (5) and (7), and undue influence (6) were submitted to the jury.
On the issue of undue influence, there was. little or no evidence of any such influence on the part of Mr. and Mrs. Roediger. There was a claim by the contestants that a confidential relationship of attorney in fact and client existed between Mr. Roediger and the deceased. The court submitted to the jury the question of whether such relationship in fact existed and, if it did, was there an explanation, instructing them that if they found such a confidential relationship and no explanation, they could find undue influence. Lacking such implication of a possible confidential relationship, this court believes that it would have been an error to have submitted the question of undue influence to the jury, according to the standards laid down in Matter of Walther (6 N Y 2d 49).
*1062 While the testimony regarding testamentary capacity, fraud and confidential relationship, presented issues of fact requiring this court to submit framed issues 4, 5, 6 and 7 to the jury, such testimony was not, in the opinion of this court, of sufficient weight to constitute a reasonable basis for contest within the meaning of section 278 of the Surrogate’s Court Act where good faith is construed to include a reasonable basis for the contest (Matter of Tropper, supra).
The court, in its discretion, denies the motion of the contestants that a copy of the stenographer’s typewritten minutes of the trial in the contested probate proceeding in this estate, had before the Surrogate of this court and a jury on January 13, 14, and 15, 1960, be furnished to the contestants’ counsel at the expense of said estate pursuant to the provisions of section 278 of the Surrogate’s Court Act, without costs of this motion to either party.